UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFREY CHATELAIN,

                Plaintiff,
                                           MEMORANDUM & ORDER
    -against-                       14-CV-5360(JS)(SIL)

NASSAU COUNTY POLICE DEPARTMENT,
SGT. ROBERT CONKLIN #480, SGT.
BURKE, P.O. ROBERT J. PSOMAS #3484,
P.O. WOLFER, and DET. WALSH,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Jeffrey Chatelain, pro se
                       14003152
                       Nassau County Correctional Center
                       100 Carman Avenue
                       East Meadow, NY 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

        On September 8, 2014, incarcerated pro se plaintiff Jeffrey Chatelain ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Police Department ("the Police Department"), Nassau County Police Sergeants Robert Conklin ("Sgt. Conklin") and Burke ("Sgt. Burke"), Police Officers Robert J. Psomas ("P.O. Psomas") and Wolfer ("P.O. Wolfer"), and Detective Walsh ("Det. Walsh" and collectively "Defendants"), accompanied by an application to proceed in forma pauperis. However, Plaintiff did not submit the required Prisoner Authorization Form ("PLRA Form") together with his Complaint. Accordingly, the Court mailed Plaintiff a Notice of Deficiency on September 12, 2014 that instructed Plaintiff to

complete the enclosed PLRA Form in order to proceed with his case. (See, Docket Entry 3.) On September 23, 2014, Plaintiff filed the PLRA. (Docket Entry 7.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Police Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's Section 1983 claim against the remaining Defendants shall proceed.

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint alleges that on April 22, 2014, Plaintiff was falsely arrested and assaulted by the individual Defendants. Plaintiff claims he was arrested "because my ex-girlfriend who has a stay away order from me called 911 and lied stating she was in danger." (Compl. ¶ IV.) Plaintiff claims that the individual Defendants "develope[d] a cover up story to justify what they did." (Compl. ¶ IV.) As a result of the "cover up story" being reported in the press, Plaintiff claims to have

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

been unlawfully evicted from his residence and has suffered alienation by his friends and family. (Compl. ¶ IV.)

Plaintiff further claims to have been beaten "suffering a laceration to the left side of [his] face" and claims to "also have pain in my right wrist, right shoulder, left knee and left ankle." (Compl. ¶ IV.B.) Plaintiff claims that he received "inadequate medical attention" at the emergency room he visited while in police custody. (Compl. ¶ IV.B.)

As a result of the foregoing, Plaintiff seeks "some type of written retraction to negate all of Nassau County's Police Department's false allegations"[2] in addition to an unspecified sum of monetary damages to compensate him for future medical expenses, filing and court fees, as well as for money he allegedly lost due to his "unlawful eviction" including his first and last months rent and security deposit. (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that

---

[2] Insofar as Plaintiff is awaiting prosecution for the criminal charges relating to the arrest that is the subject of his Complaint, his request for a "written retraction" of the allegations against him is inappropriate relief in this Court at this time. See Nassau County Court, Criminal Term, #01076N-2014, People v. Chatelain, https://iapps.courts.state.ny.us/webcrim_attorney/Login (last visited on January 7, 2015).

Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v.

4

Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claim Against the Police Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the

5

municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] of the . . . County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's claim against the Police Department is not plausible because the Police Department has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE.

B. Claims Against the Individual Defendants

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against Sgt. Conklin, Sgt. Burke, P.O. Psomas, P.O. Wolfer, and Det. Walsh at this early stage in the proceedings. Accordingly, the Court ORDERS service of the Summons and Complaint upon these Defendants by the United States Marshal Service ("USMS") forthwith.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Police Department for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff's claims against Sgt. Conklin, Sgt. Burke, P.O. Psomas, P.O. Wolfer, and Det. Walsh shall proceed. The Court ORDERS service of the Summonses and Complaint and a copy of this Order upon these Defendants by the U.S. Marshal Service forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __28__, 2015
      Central Islip, New York